UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PREBLE-RISH HAITI, S.A.,

               Petitioner,              21-cv-6704 (PKC)

  -against-                              22-cv-7503 (PKC)

REPUBLIC OF HAITI, BUREAU DE
MONÉTISATION DES PROGRAMMES D'AIDE
AU DÉVELOPPEMENT,

               Respondents.

-------------------------------------------------------------x

**PETITIONER'S MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S JUNE 29, 2023 ORDER TO SHOW CAUSE WHY THE REPUBLIC OF HAITI'S MOTION FOR RELIEF FROM JUDGMENT, OR ALTERNATELY TO AMEND THE JUDGMENT ON DOCKET 21-CV-6704 SHOULD BE DENIED AS MOOT**

BLANK ROME LLP
William R. Bennett, III
Lauren B. Wilgus
Rick Antonoff
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000
William.Bennett@blankrome.com
Lauren.Wilgus@blankrome.com
Rick.Antonoff@blankrome.com

*Attorneys for Petitioner Preble – Rish Haiti, S.A.*

Petitioner Preble-Rish Haiti, S.A. ("PRH") agrees with the Court that the Republic of Haiti's ("ROH") motion for relief from judgment, or alternately to amend the judgment (Dkt. 63) should be denied as moot.

## PRELIMINARY STATEMENT

On May 13, 2020, the parties entered into three contracts whereby PRH agreed to source, ship, and deliver fuel to Respondents. Respondents breached the three contracts. Accordingly, PRH initiated arbitration against the Respondents in November 2020 seeking to recover $30 million dollars in damages.

On August 26, 2021, the New York arbitration panel issued a Partial Final Award finding PRH was likely to succeed on the merits of its claims and ordered Respondents to post security in the sum of $23,043,429.79 (the "Partial Final Award").

On September 27, 2021, New York State Supreme Court Justice Borrok dismissed Respondents petition to stay the New York arbitration and granted PRH's motion to compel against both ROH and BMPAD and ordered the parties to "proceed to arbitration forthwith." Justice Borrok's decision was unanimously affirmed by the First Department.

On January 26, 2022, this Honorable Court issued an Opinion and Order granting PRH's Petition to recognize, confirm and enforce the Partial Final Award. (Dkt. 48.) The Clerk entered Judgment on January 26, 2022 (Dkt. 49) and issued an Amended Judgment on February 3, 2022 (Dkt. 56.) (together, the "Judgment").

On February 22, 2022, ROH moved by Order to Show Cause seeking relief from the Judgment pursuant to Rules 60(b)(4) and 60(b)(1) of the Federal Rules of Civil Procedure, or, in the alternative, to alter or amend the Judgment pursuant to Rule 59(e) to remove ROH as a judgment debtor. (See, Dkt. 63 & 68.)

On August 23, 2022, the New York arbitration panel issued a Final Award finding that PRH is entitled to recover $28,184,756.65 from Respondents ROH and BMPAD, jointly and severally.

On June 29, 2023, this Honorable Court issued its Opinion and Order granting PRH's Petition to recognize, confirm and enforce the Final Award. (Dkt. 116.) The Court's Opinion and Order includes a directive for the parties to show cause why the motion (Dkt. 63) for relief from judgment, or alternately to amend the judgment, should be denied as moot. Although PRH agrees with the Court's conclusion that the motion should be denied as moot, because the Opinion and Order directs "the parties" to show cause (i.e., not just ROH), PRH respectfully submits this Memorandum of Law in response to such directive.

## ARGUMENT

The Partial Final Award granted PRH the right to prejudgment security to satisfy any potential Final Award by directing the Respondents to post security. The Judgment arising from the Court granting PRH's petition to recognize, confirm and enforce the Partial Final Award was a non-money *prejudgment order* directing the Respondents to comply with the Partial Final Award and post security. The Respondents failed to post security. Nevertheless, PRH went forward with the arbitration and obtained a Final Award. Thus, the motion for relief from, or alternatively to amend, the Judgment based on the Partial Final Award is moot. (Dkt. 63.)

In its motion for relief ROH argues that it was never properly a party to either the arbitration or confirmation proceedings. Judge Borrok of the Supreme Court of the State of New York, The Appellate Division of the Supreme court of the State of New York, First Department, and this Court found ROH was a party to the arbitration. Despite the prior findings and the Court's conclusion in its June 29, 2023, Opinion and Order that ROH's motion is moot, it provided the parties with an opportunity to be heard on the mootness point. PRH agrees with the

Court that the motion to alter or amend the Judgment – a prejudgment non-money order - issued in PRH's favor is moot since a Final Award effectively supersedes the Partial Final Award.

Article III of the United States Constitution requires federal courts not to adjudicate matters that no longer present an actual dispute between parties. See *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990). The mootness doctrine requires that "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," the matter be deemed moot. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). When "it can be said with assurance that . . . events have completely and irrevocably eradicated the effects of the alleged violation," the issue is moot. *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979) (citations and quotations omitted); see also, e.g., *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001). In *Catanzano v. Wing*, the Court discussing the mootness doctrine stated that "[t]he central question . . . is constant—whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties." 277 F.3d 99, 107 (2d Cir. 2001). Here, as noted below, the issuance of the Final Award is an event that has "completely eradicated" the Partial Final Award and a decision on the motion to amend the Judgment will have no impact on the parties.

The Partial Final Award, as confirmed by this Court, was sought by PRH as a prejudgment "interim" measure aimed to protect a potential final award. (See, e.g., 21-cv-6704 (PKC), ECF 5-1 ("Partial Final Award") ¶ 7; Final Award ¶ 38.)[1] It required Respondents to deposit $23,043,429.79 into an escrow account to serve as "pre-award security for PRH's claims in the arbitration." (Partial Final Award ¶ 119.) The Final Award later determined that ROH was

---

[1] For the sake of completeness, we repeat the District Court's findings related to the issue of mootness.

jointly and severally liable to PRH for $28,184,756.65, plus any interest that accrues on whatever portion remains unpaid. (Final Award at p. 75.)

Upon the issuance of this Honorable Court's June 29, 2023 Opinion and Order granting PRH's Petition to recognize, confirm and enforce the Final Award, the dispute over the prejudgment interim security obligation of the Republic was no longer "live." PRH is now entitled to collect to Final Award amount which is substantially larger than the amount the Respondents had previously been required to deposit in escrow as *interim security*. In short, the Partial Final Award was subsumed into the greater sum the Respondents (including ROH) are liable for in the Final Award.

Granting ROH the relief it seeks regarding the Judgment would not impact its obligations to PRH; in fact, its obligations are now to pay PRH its damages and not merely place funds into an escrow account to secure PRH's claims, which are no longer a claim against ROH but now an obligation of ROH.

ROH also argues that any judgment arising from confirming the Final Award must be "offset" by the amount referenced in the Partial Final Award. (ECF 33 at 35.) ROH is incorrect - the Partial Final Award granted pre-award security to be placed in an escrow account, which, if deposited, would have been available for use in satisfying the Final Award. There is clearly no obligation that ROH pay twice, as it naively suggests.

## CONCLUSION

For the foregoing reasons, PRH respectfully requests this Court find that ROH's motion for relief from judgment, or alternately to amend the judgment (Dkt. 63) be denied as moot and grant PRH all such other and further relief as it may deem just and proper.

Dated:      July 13, 2023
            New York, New York

**BLANK ROME LLP**

*/s/ William R. Bennett, III*

William R. Bennett, III
Lauren B. Wilgus
Rick Antonoff
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000
(917) 332-3068
William.Bennett@blankrome.com
Lauren.Wilgus@blankrome.com
Rick.Antonoff@blankrome.com

*Counsel for Petitioner Preble-Rish Haiti, S.A.*