UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PREBLE-RISH HAITI, S.A.,<br><br>*Petitioner*,<br><br>-against-<br><br>REPUBLIC OF HAITI, BUREAU DE MONÉTISATION DES PROGRAMMES D'AIDE AU DÉVELOPPEMENT,<br><br>*Respondents*. | 22-cv-07503 (PKC)<br>Related actions: 21-civ-6704 (PKC) and 21-cv-4960 (PKC) |

**MEMORANDUM OF LAW OF THE REPUBLIC OF
HAITI IN RESPONSE TO ORDER TO SHOW CAUSE REGARDING MOOTNESS**

**MADSEN LAW P.C.**
Bertrand Madsen
1115 Broadway, 11th Fl.
New York, NY 10010
Tel.:   (212) 346-7744
bmadsen@madsenlawpc.com

- and -

**SCHLAM STONE & DOLAN LLP**
Elizabeth Wolstein
Samuel L. Butt
26 Broadway, 19th Fl.
New York, NY 10004
Tel.:   (212) 344-5400
Fax:   (212) 344-7677
ewolstein@schlamstone.com
sbutt@schlamstone.com

*Attorneys for the Republic of Haiti*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTS .......................................................................................................................................... 2

      A.    The Motion .............................................................................................................. 3

      B.    The June 29, 2023 Decision And Order...................................................................... 3

      C.    Preble-Rish's Ongoing And Successful Efforts To Enforce The Judgments ............ 4

ARGUMENT ................................................................................................................................. 6

THE REPUBLIC'S MOTION IS NOT MOOT ............................................................................ 6

      A.    Preble-Rish Is Actively Pursuing Enforcement Of The February 2022 Judgments
           On The Partial Final Arbitration Award ................................................................. 6

      B.    The Republic Should Not Be Required To Police Whether Preble-Rish Is Pursuing
           Enforcement Of Three Active Judgments For A Single Liability .......................... 7

CONCLUSION.............................................................................................................................. 8

## **TABLE OF AUTHORITES**

**Cases**                                                                                                                          **Page(s)**

*Already, LLC v. Nike, Inc.*,
  568 U.S. 85, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013) ................................................................ 6

*Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am., Div. 998 v. Wisconsin Emp. Rels. Bd.*,
  340 U.S. 416 (1951) .................................................................................................................. 7

*Catanzanov. Wing*,
  277 F.3d 99, 107 (2d Cir. 2001) ................................................................................................ 6

*Chevron Corp. v. Donziger*,
  886 F. Supp. 2d 235 (S.D.N.Y. 2012) ....................................................................................... 7

*Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*,
  260 F.3d 114 (2d Cir. 2001) ...................................................................................................... 6

**Constitution**

U.S Const., Art. III ..................................................................................................................... 3, 6

**Rules**

Fed. R. Civ. P. 59(e) ...................................................................................................................... 3

Fed. R. Civ. P. 60(b) ...................................................................................................................... 3

The Republic of Haiti (the "Republic" or "Haiti") respectfully submits this memorandum of law, together with the accompanying Declaration of Elizabeth Wolstein ("Wolstein Mootness Decl.") and the exhibits annexed thereto, in response to this Court's Order to Show Cause as to why the Republic's Motion for Relief from Judgments, or Alternatively to Alter or Amend the Judgments, (ECF Nos. 63, 64, 65-65-6, 66-66-3, 67, 68, 82, 83-83-2 the "Motion"), ought not to be denied as moot. (ECF No. 116 at 26).

## PRELIMINARY STATEMENT

The Republic's Motion is not moot. As explained below, the Judgments[1] remain live judgments, subject to being enforced in the manner of any judgment. Tellingly, Preble-Rish has sought aggressively to enforce the Judgments and there is no obstacle to Preble-Rish continuing its enforcement activities—while also pursuing enforcement of the soon-to-be issued judgment on the final arbitration award. Accordingly, given Preble-Rish's ongoing ability to enforce the Judgments, the Motion is not moot and should be decided.

This Court has stated that the Partial Final Award's grant of pre-award security to satisfy the Final Award "is not a requirement that [the Republic] pay twice", and that the "'pre-award' security obligations will no longer be 'live'" (ECF No. 116 at 25) once a judgment is entered on the final award. But no such gloss appears on the very much alive original and amended judgments issued by this Court on the Partial Final Award in January and February 2022. Those judgments state that the petition to enforce "the Partial Final Award of August 6, 2021 is granted against BMPAD" and "final judgment is entered for [Preble-Rish] as against BMPAD" (ECF Doc. 49, original judgment); and that the petition to enforce "the Partial Final Award of August

---

[1] The term "Judgments" refers to the judgment (ECF No. 49) and the amended judgment (ECF No. 56), in Preble-Rish's action to confirm the Partial Final Award, bearing docket no. 21-cv-6704, and all references to ECF document numbers are to the action bearing docket number 21-cv-6704 unless otherwise indicated. Defined terms not otherwise defined have the same meaning as set forth in the Motion.

6, 2021 is granted as against respondents the Republic of Haiti and the Bureau de Monétisation des Programmes d'Aide au Développement (collectively, 'BMPAD'), and that "final judgment is entered for [Preble-Rish] as against BMPAD." (ECF Doc. 56, amended judgment).

The day the Court entered the original judgment, Preble-Rish informed the Southern District of Texas court presiding over its Rule B and garnishment action that the judgment "would provide an alternate basis for attachment of the assets at issue," and that Preble-Rish "will promptly take all steps necessary to domesticate and/or register and enforce" the judgment—signaling Preble-Rish's view that the original and amended judgments provided a basis for collecting money from the Republic and BMPAD. (ECF Doc. 165 in S.D. Texas action bearing docket no. 21-cv-01953, copy attached as Exhibit A to Wolstein Declaration in Response to Preble-Rish's Proposed Judgment, also filed today).  This Court stated in its June 29, 2023 Opinion and Order that the Partial Final Award constituted "pre-award security" that "would be available for use in satisfying the Final Award" (ECF Doc. No. 116, at 25)—and the January and February 2022 judgments on their face entered judgment on the Partial Final Award.

Thus, even if the Court disagrees with the Republic's arguments advanced in the Motion for vacating the Judgments, or if the Court were to deem the Motion moot, it should vacate the Judgments upon entry of the judgment on the final award.  If the January and February 2022 judgments are not vacated, Preble Rish will have in hand three judgments totaling over $60 million on a single arbitration award of $28,184,756.65.  The Republic should not have to police nationwide enforcement activity by Preble-Rish to prevent double or triple recovery.

**FACTS**

The Republic hereby incorporates by reference the facts as set forth in its Motion.  (ECF No. 64 in Case 21-6704, at 2-8).  Given the limited scope of the issue on which this Court

directed further submissions, namely whether the Motion is now moot, only additional facts relevant to that issue are set forth here.

### A. The Motion

In brief, on February 22, 2022, the Republic filed an order to show cause seeking relief from the Judgments entered in Case 21-6704 on a Partial Final Award in the underlying arbitration, pursuant to Fed. R. Civ. P. 60(b) or, alternatively, to alter or amend the Judgments pursuant to Fed. R. Civ. P. 59(e) to remove the Republic as a judgment debtor on the grounds that the Court lacked subject matter jurisdiction over the Republic under the Foreign Sovereign Immunities Act (FSIA); the Republic had not been served with the Petition; the Court lacked personal jurisdiction over the Republic; and that the Court erred in not employing the usual default judgment procedure given that the Republic did not appear in the action. (ECF Docs. 64 and 68). The Judgments (ECF Docs. 49 and 56) are in the amount of $23,043,429.79 in favor of Preble-Rish and, as set forth in the Amended Judgment (ECF Doc. 56), are against both the Republic and BMPAD. The Amended Judgment does not say that the original judgment is in any way cancelled or otherwise made void.

### B. The June 29, 2023 Decision And Order

On August 23, 2022, Preble-Rish obtained a Corrected Final Award (the "Final Award") in the underlying arbitration. In the Final Award, the arbitrators awarded Preble-Rish a total of $28,184,756.65 against BMPAD and the Republic, jointly and severally. *See* Preble-Rish's Petition to Confirm the Final Award ECF Doc. No. 6-1 in docket 22-cv-7503 (S.D.N.Y.) (the "7503 Docket"), at 75.

3

Preble-Rish filed a Petition to confirm the Final Award on September 1, 2022, accompanied by Order to Show Cause to confirm the Final Award. (7503 Docket, ECF Docs. 1, 5).

The Republic opposed the Order to Show Cause, and cross-moved to dismiss the Petition, on the grounds that: (1) the Court lacked subject matter jurisdiction; (2) there was insufficient service; (3) the Court lacked personal jurisdiction; and (4) the arbitrators exceeded their powers in ruling that Preble-Rish's dispute was arbitrable as to the Republic, a non-signatory to the arbitration agreement. (7503 Docket, ECF Doc. 29).

In this Court's June 29, 2023 Opinion and Order (ECF Doc. 116, the "June 29 Opinion"), this Court concluded that: (1) it has subject matter jurisdiction over the Republic; (2) the Republic was properly served and, thus, the Court also had personal jurisdiction over the Republic; and (3) the Final Award would be confirmed. The Court directed the parties to show why the Motion ought not to be denied as moot in light of the June 29 Opinion. (*Id.* at 26).

### C. Preble-Rish's Ongoing And Successful Efforts To Enforce The Judgments

Preble-Rish has filed multiple proceedings in multiple courts seeking to enforce the Judgments, which, again, are based on the Partial Final Award. For example, Preble-Rish has filed a total of at least five proceedings in the Southern and Norther Districts of Texas to enforce the Judgments. *See Preble-Rish Haiti, S.A. v. Republic of Haiti et al.*, No. 21-cv-01953 (S.D. Texas) (Opposed Motion For Post-Judgment Discovery, ECF Doc. 171); *Preble-Rish Haiti, S.A. v. Republic of Haiti et al.*, No. 22-mc-00304 (S.D. Tex.) (Clerk's Certification of a Judgment To Be Registered in Another District/Other Miscellaneous Relief, ECF Doc.1); *Preble-Rish Haiti, S.A. v. Republic of Haiti et al.*, No. 22-mc-00318 (S.D. Tex.) (Application for Writ of Garnishment and Turnover Order/Other Miscellaneous Relief, ECF Doc. 1); *Preble-Rish Haiti,*

4

*S.A. v. American Airlines, Inc*. No. 22-cv-00627 (N.D. Texas) (Application for Writ of Garnishment and Turnover Order, ECF Doc. 1); *Preble-Rish Haiti, S.A. v. Republic of Haiti et al.*, 22-mc-00010 (N.D. Texas) (Registration of Judgment From Another Court, ECF Doc. 1). These sample filings, other than the Application in 22-mc-00318 (S.D. Tex.) which is not available on PACER, are attached hereto as, respectively, Exhibits A through D to the accompanying Wolstein Mootness Declaration.

Indeed, in the 21-cv-01953 action in the Southern District of Texas, Preble-Rish is poised to recover $4,408,751 from garnishee BB Energy, which the garnishee placed into the Court's registry for such a purpose. (Wolstein Mootness Decl., Exh. E). The history of this development is discussed in the Republic's submission in response to Preble-Rish's proposed judgment, also being filed today.

Further, for example, as a result of its July 21, 2022 *ex parte* submission in the Northern District of Texas (Exhibit C to Wolstein Mootness Decl.), Preble-Rish obtained, on August 2, 2022, an order and writ of garnishment against American Airlines, directing the airline to deposit up to $23,043,429.79 into the court's registry, and directing American Airlines to answer the petition after being notified of its pendency by Preble-Rish. *See* ECF Docs.4 and 5 in ND Tex. Dkt No. 22-cv-00627-P, copies attached as Exhibits F and G to the Wolstein Mootness Decl.

In addition, in an effort to enforce the Partial Final Award, Preble-Rish has sought on two occasions to depose the Haitian Minister of Economy and Finance, Michel Patrick Boisvert, including as recently as April 2023. *See* ECF Doc. 109, at 1-2 (detailing history of both subpoenas).

**ARGUMENT**

**THE REPUBLIC'S MOTION IS NOT MOOT**

Under the "case or controversy" requirement of Article III of the Constitution, "at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001). A case is moot, and therefore no longer a case or controversy for the purposes of Article III, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013) (internal quotation marks omitted). As the Second Circuit explained in *Catanzano v. Wing*, "[t]he central question ... is constant—whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties." 277 F.3d 99, 107 (2d Cir. 2001) (*citing* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 13A Federal Practice & Procedure § 3533 (2d ed.1984)).

    A.    **Preble-Rish Is Actively Pursuing Enforcement Of The February 2022 Judgments On The Partial Final Arbitration Award**

The Motion is not moot by virtue of this Court's decision to confirm the Final Award because Preble-Rish is actively pursuing enforcement of the Judgments on the Partial Final Award. Preble-Rish has not indicated that the Final Award, its confirmation, or any forthcoming judgment based on the confirmation will mean an end to its enforcement efforts with respect to the Judgments. For example, Preble-Rish has not stated that it has sought vacatur of the Judgments; sought vacatur of the Northern District of Texas order and writ of garnishment; or that it intends to return the $4.4 million it will shortly collect under the Judgments through BB Energy, as detailed in the Republic's submission in response to Preble-Rish's proposed judgment, also being filed today. Even if Preble-Rish were to say it does not intend to continue

6

enforcing the Judgments, there would be nothing stopping Preble-Rish from in fact continuing its enforcement efforts.

In short, since the Judgments remain live judgments, there is no obstacle to Preble-Rish's seeking further enforcement.  Despite this Court's statement in the June 29 Opinion that the Partial Final Award's grant of pre-award security to satisfy the Final Award "is not a requirement that [Haiti] pay twice", and that the "'pre-award' security obligations will no longer be 'live'" (ECF No. 116 at 25), the Judgments remain active judgments unless and until they are vacated, and may be enforced.  Thus, the Motion is not moot.  *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am., Div. 998 v. Wisconsin Emp. Rels. Bd.*, 340 U.S. 416, 417, n.1 (1951) (with respect to judgment, "[n]o question of mootness can be raised so long as enforcement of that judgment is sought"); *see also Chevron Corp. v. Donziger*, 886 F. Supp. 2d 235, 271 (S.D.N.Y. 2012) (representations by litigants that they would "never ... seek recognition of the Ecuadorian Judgment in New York 'by any means or under any law'" did not moot defenses raised).

Given that there would be nothing stopping Preble-Rish from continuing to enforce the Judgments once a judgment on the June 29 Decision is entered, the Motion is not moot.

> B. **The Republic Should Not Be Required To Police Whether Preble-Rish Is Pursuing Enforcement Of Three Active Judgments For A Single Liability**

The Republic should not be required to police whether Preble-Rish is seeking to collect twice (or three times) under both the Judgments and the forthcoming judgment on the Final Award.  Despite that it has in every one of its proceedings identified above sought to enforce the Judgments against the Republic, Preble-Rish has not given the Republic notice of the overwhelming majority of its enforcement efforts throughout the country.  Preble-Rish did not give the Republic notice of its filings seeking to collect from BB Energy or American Airlines.

7

While Preble-Rish provided copies of its document subpoenas to non-parties Novum Energy Trading, Inc. ("Novum") and Reginald Villard Agent Maritime, LLC ("Villard") in one of its Southern District of Texas proceedings—which subpoenas seek documents and information concerning the Judgments—Preble-Rish did not provide notice of its deposition subpoenas to Novum and Villard until the undersigned asked for copies of those subpoenas. (ECF Doc. 109, at 2-3). Thus, with the reasonable expectation that Preble-Rish's litigation conduct will continue to fail to provide notice of its enforcement efforts, unless the Judgments are vacated the Republic will be required to monitor dockets throughout the country, and potentially file papers explaining why Preble-Rish should not be permitted to collect on the Judgments given the Final Judgment, including moving to remove improper liens and attachments. Such burdens are manifestly unfair to impose on the Republic. Given that, as this Court has already stated, the Partial Final Award's grant of pre-award security to satisfy the Final Award "is not a requirement that [the Republic] pay twice", and that the "'pre-award" security obligations will no longer be 'live'" (ECF Doc. No. 116 at 25), this Court, even if it disagrees with the Republic's arguments for vacating the Judgments advanced in the Motion, should vacate the Judgments upon entry of the judgment on the Final Award to avoid any such issues.

## CONCLUSION

For the foregoing reasons, the Motion is not moot. Even if the Court determines the Motion is moot, it should vacate the original and amended judgments entered on the Partial Final award in January and February 2022 (ECF Doc. Nos. 49 and 56, respectively) for the reasons set forth above, and should grant such other relief as the Court deems appropriate.

| | |
|---|---|
| Dated: July 13, 2023<br>New York, New York | Respectfully submitted,<br><br>**MADSEN LAW P.C.**<br><br>By: */s/ Bertrand Madsen*<br>         Bertrand Madsen<br>1115 Broadway, 11th Fl.<br>New York, NY 10010<br>Tel.:    (212) 346-7744<br>bmadsen@madsenlawpc.com<br><br>- and -<br><br>**SCHLAM STONE & DOLAN LLP**<br><br>By: */s/ Elizabeth Wolstein*<br>         Elizabeth Wolstein<br>         Samuel L. Butt<br>26 Broadway, 19th Fl.<br>New York, NY 10004<br>Tel.:    (212) 344-5400<br>Fax:    (212) 344-7677<br>ewolstein@schlamstone.com<br>sbutt@schlamstone.com<br><br>*Attorneys for the Republic of Haiti* |