```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PREBLE-RISH HAITI, S.A.

                        Petitioner,            22-cv-7503 (PKC)

        -against-                              ORDER
                                               DENYING STAY
REPUBLIC OF HAITI and BUREAU DE
MONÉTISATION DES PROGRAMMES
D'AIDE AU DÉVELOPPMENT,

                        Respondents.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

On June 29, 2023, this Court issued an Opinion and Order (the "June 29 Order") enforcing the Final Award of an international arbitration panel in favor of petitioner Preble-Rish Haiti, S.A. ("PRH") and against respondents Republic of Haiti ("ROH") and its agency Bureau de Monétisation des Programmes d'Aide au Développment ("BMPAD"). (ECF 51.) ROH seeks a stay of enforcement of the Final Judgment of this Court (the "Judgment") (ECF 58.), pending ROH's appeal of the Judgment and the June 29 Order.

For reasons to be explained, the motion for a stay of enforcement pending appeal will be denied. Enforcement of the judgment as to ROH will be temporarily stayed fourteen days to allow ROH to apply to the Second Circuit for a stay pending appeal. Familiarity with the June 29 Order and the proceedings in this (22-cv-7503 (PKC)) and the related matters (21-cv-4960 (PKC), 21-cv-6704 (PKC), and 21-cv-9040 (PKC)) is assumed.

1

BACKGROUND

The underlying dispute arises out of a series of fuel contracts between PRH, a fuel supplier, and BMPAD, the Haitian agency charged with ordering petroleum products on behalf of ROH. (June 29 Order at 2.) BMPAD took possession of certain fuel delivered under the terms of these contracts but did not remit payment to PRH. (Id. at 3.) Eventually, PRH halted all fuel shipments to BMPAD and alleged that BMPAD and ROH owed damages stemming from the unpaid invoices for fuel delivered. (Id.)

Pursuant to the arbitration clauses in the contracts, PRH served a notice demanding arbitration of its claims against ROH and BMPAD on November 20, 2020. (Id. at 3–4.) In December 2020, ROH and BMPAD filed a petition in the Supreme Court of New York, County of New York, seeking an order to stay the arbitration pursuant to section 7503(b) of the N.Y. C.P.L.R. Republic of Haiti et al. v. Preble Rish Haiti SA, Index No. 657237/2020, Doc. 1 (N.Y. Sup. Ct. Dec. 22, 2020). In September 2021, Justice Andrew Borrok of New York County's Commercial Division denied the petition to stay the arbitration and granted PRH's cross-motion to compel arbitration. Republic of Haiti et al., Index No. 657237/2020, Doc. 68 (N.Y. Sup. Ct. Sept. 27, 2021). In April 2022, the Appellate Division affirmed Justice Borrok's decision denying the petition to stay arbitration and granting the cross-motion to compel arbitration. Republic of Haiti v. Preble Rish Haiti SA, 204 A.D.3d 482 (1st Dep't 2022).

On August 23, 2022, the arbitration panel issued its Final Award and found that PRH is entitled to recover $28,184,756.65 from respondents. (June 29 Order at 7.) PRH filed a petition to this Court pursuant to the New York Convention and the Federal Arbitration Act, seeking an order recognizing, confirming, and enforcing the Final Award against ROH and

BMPAD jointly and severally. On June 29, 2023, the Court confirmed the Final Award and Final Judgment was entered July 20, 2023. (ECF 51, 58.)

ROH filed a notice of appeal to the Second Circuit on July 28, 2023. (ECF 62.) ROH now moves for a stay of enforcement of the Final Judgment pending that appeal. (ECF 63.)

MOTION TO STAY

As the Second Circuit has held, the "factors relevant to granting a stay pending appeal are the applicant's 'strong showing that he is likely to succeed on the merits,' irreparable injury to the applicant in the absence of a stay, substantial injury to the nonmoving party if a stay is issued, and the public interest. Uniformed Fire Officers Assoc. v. de Blasio, 973 F.3d 41, 48 (2d Cir. 2020) (quoting Nken v. Holder, 556 U.S. 418, 434 (2009)). "The first two factors are the most critical, but a stay 'is not a matter of right, even if irreparable injury might otherwise result,' it is 'an exercise of judicial discretion,' and '[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" Id. (quoting Nken at 433–34). The Court addresses each factor in turn.

First, ROH has not made a strong showing that its appeal is likely to succeed on the merits. In opposing the petition to confirm the Final Award, ROH primarily argued that it was not a party to the contracts central to this dispute, and therefore the arbitration panel exceeded its authority when it issued a Final Award against both it and BMPAD, rather than only BMPAD. Most of ROH's arguments—including those sounding in subject-matter jurisdiction, service of process, and arbitrability—all resolved back to this central argument. It again raises many of the same arguments in support of its motion for a stay. But as discussed in the June 29

3

Order, ROH is precluded by reason of a state court proceeding from challenging its status as a party to the arbitration agreement resulting in the Final Award.

ROH was a party to the state court proceeding before Justice Borrok. In that proceeding, it had the opportunity to challenge its status as a party to the contracts containing the arbitration provision. If ROH believed it was not contractually bound to arbitrate, it had the obligation to raise that claim in the New York state court action, an action ROH itself initiated. Whether ROH was a party to the agreement containing the arbitration provision was a threshold issue to be addressed in ROH's original petition to stay the arbitration and in opposition to PRH's cross-motion to compel arbitration. Justice Borrok denied that petition and granted the cross-motion to compel arbitration against ROH, and the Appellate Division, First Department affirmed. The argument is now precluded.

In its motion for a stay, ROH argues that under New York law the denial of a motion to stay arbitration does not in all cases bar litigants from later challenging the extent of the arbitration panel's jurisdiction on a later motion to vacate. See Silverman v. Benmor Coats, Inc. 61 N.Y.2d 299 (1984). As a general point, this is certainly true. The denial of a motion to stay arbitration does not mean the arbitration panel may later exceed the scope of the arbitration agreement. But, here, ROH went into state court as the petitioner seeking a stay and arguing that the arbitration agreement was illegal under the law of Haiti, a position that Justice Borrok and the First Department rejected. Further, Justice Borrok granted a cross-motion to compel arbitration against ROH and that too was affirmed. The position ROH now takes does not turn on the scope of the arbitration provision. Instead, it argues that there was no valid arbitration agreement at all because it is not party to the contracts. This argument was foreclosed when ROH sued as a party to the contracts to stay the arbitration, lost, and had the cross-motion to

4

compel arbitration against it granted.

ROH also asks the Court to ignore the preclusive effects of the state court action because it claims that its counsel in that action was not authorized to represent it. ROH characterizes the Court's ruling on this point as holding "that only a state court could determine whether New York rules of preclusion give preclusive effect to Justice Borrok's order on the petition to stay." (ECF 66 at 15.) But it was this Court that gave preclusive effect to Justice Borrok's Order.[1]

ROH also argues that the Court erred in concluding that the contracts contained a special arrangement for service of process. Section 1608(a)(1) of the Foreign Sovereign Immunities Act ("FSIA") provides that service "upon a foreign state" shall be made "by delivery of a [notice of the application] in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." 28 U.S.C. § 1608(a)(1); see Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A., 49 F.4th 802, 813 (2d Cir. 2022), cert. denied, 143 S. Ct. 786 (2023).

The contract provisions in question state that "[a]ll correspondence between the Parties subject to this Contract shall be addressed to" Ignace Fils Aimé Saint Fleur, the Executive Director of BMPAD, and would be deemed received if sent by email. (June 29 Order at 19–20.) These provisions covering "all correspondence" between the contracting parties qualify as a "special arrangement for service" within the meaning of section 1608(a)(1). See Arb. Between Space Sys./Loral, Inc. v. Yuzhnoye Design Off., 164 F. Supp. 2d 397, 402 (S.D.N.Y. 2001) (Koeltl, J.) ("Although service of process is not specifically mentioned in § 26, it falls within the category of '[a]ll notices and communications between the parties' in § 26.1. Thus, § 26 does

---

[1] As discussed in the June 29 Order, it is outside the proper role of a federal court to sit in review of state court judgments in the manner ROH requests. (June 29 Order at 17 n.3.)

establish a special arrangement for the service of process under the FSIA.") (collecting cases).[2]

Second, ROH has not demonstrated it will suffer irreparable injury absent a stay pending appeal. Economic harm is generally insufficient to demonstrate an irreparable injury. JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 1990) ("Irreparable injury is one that cannot be redressed through a monetary award."); United States v. Paccione, 914 F. Supp. 1037, 1039 (S.D.N.Y. 1996) (Motley, J.) ("[T]he only fathomable harm that could result from the denial of a stay would be economic, and thus, by nature, not irreparable."). Here, the suggested irreparable injury is the money owed on the Judgment—that is, a solely economic harm. ROH has submitted a declaration from the Minister of Economy and Finance of the Republic of Haiti, Michel Patrick Boisvert, who states that "the way business is conducted in Haiti" means that any funds paid to PRH are likely to be immediately distributed to its principals, who are unknown—therefore it will be difficult for ROH to recover any payments if it wins on appeal. (ECF 64 ¶¶ 6–10.) These concerns are insufficient for the Court to conclude the money judgment against ROH is an exception to the general rule that the economic harm of making payment on a judgment is not an irreparable injury.[3]

Third, for similar reasons, there is little likelihood of substantial injury to PRH, the nonmoving party, as its injury is also solely economic and could still be satisfied after victory on appeal.

Fourth, ROH asserts that public interest considerations weigh in favor of a stay. As a foreign sovereign, the default rule under the FSIA is that ROH is immune from suit unless

---

[2] To the extent that an out-of-circuit district court opinion reached a different conclusion, the Court respectfully disagrees. See Chiejina v. Fed. Republic of Nigeria, 21 Civ. 2241 (RJL), 2022 WL 3646377, at *3 (D.D.C. Aug. 24, 2022). The Court agrees with Judge Koeltl and the cases he cites.

[3] The Court is also cognizant that there has been a money judgment against ROH on the Partial Final Award since February 2022, (21-cv-6704, ECF 56.), and while PRH has garnished funds from BMPAD, there is no evidence before the Court that PRH has secured any ROH funds that it is now poised to collect.

an immunity exception applies. ROH argues the Court "declined to consider the immunity question on the merits," and therefore the generalized "public interest in comity towards foreign sovereigns" points towards a stay in this circumstance. (ECF 66 at 20.) ROH is incorrect; the Court determined that, on the merits, ROH had waived its immunity, and it rejected ROH's precluded arguments to the contrary. (June 29 Order at 11–17.) While the Court recognizes there may be relevant comity considerations when a judgment is enforced against a foreign sovereign, ROH has not met its burden to show this factor weighs in its favor.

The balance of the factors does not favor a stay, and the Court will deny ROH's motion. ROH will be granted a temporary administrative stay of fourteen days to allow it to seek relief under Rule 8(a), Fed. R. App. P.

Of course, the foregoing is without prejudice to ROH's right to stay enforcement, "by providing a bond or other security." Rule 62(b), Fed. R. Civ. P.

CONCLUSION

For the reasons stated above, ROH's motion for a stay pending appeal is DENIED. The Court will GRANT a temporary, fourteen-day administrative stay of enforcement against ROH to permit ROH to apply for a stay pursuant to Rule 8(a), Fed. R. App. P.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       September 7, 2023